In the Matter of the Account of the Proceedings of WILLIAM E. HALL, as Committee of the Person and Property of HOWARD H. HALL, Incompetent. FRANK T. HINES, Administrator of Veterans' Affairs, and EDMOND L. MANN, as Special Guardian for HOWARD H. HALL, an Incompetent Person, Appellants; ALICE HALL, as Administratrix, etc., of WILLIAM E. HALL, Deceased, and the MARYLAND CASUALTY COMPANY, Respondents.— Order settling and approving the account of the committee of an incompetent reversed on the law and the facts, with costs, payable by the respondent as administratrix, motion to confirm report of official referee denied, without costs, and the matter remitted to Special Term to take proof of the loss to the incompetent's estate caused by the neglect of the committee in the prosecution of the foreclosure action. The committee purchased a mortgage for the incompetent's estate in 1929. Beginning with April, 1934, the interest payments due under the mortgage were not made by the mortgagor. In 1935 the committee instructed his attorneys to foreclose the mortgage, and an action was commenced. Thereafter the committee did nothing to bring the action to judgment, nor did he even inquire of his attorneys as to its status. No receiver of the rents of the mortgaged premises was ever applied for or appointed, and it was not until 1939 that a judgment was procured in the foreclosure action. In the interim not only was no interest received on the mortgage indebtedness,

but taxes were left unpaid; and under the foreclosure sale a referee's deed to the premises was taken in behalf of the incompetent's estate, the deed conveying title being made subject to the lien of the accumulated taxes. While it is the rule that a fiduciary who takes advice of a competent attorney on a technical problem may act on such advice and is not accountable for the consequences in following it, that rule does not fit the facts here, where the committee told the attorneys to proceed with the foreclosure and thereafter did not inquire of them about its status. A committee is required to exercise only the diligence of a reasonably prudent business man. We think that the committee here was required after the foreclosure action had been commenced to make some inquiry, investigation, or supervision of his attorneys to the extent of learning the status of the action. It was not a fulfillment of the committee's duty to the incompetent's estate to turn the matter over to his attorneys and then forget about it. Lazansky, P. J., Hagarty, Carswell and Adel, JJ., concur; Johnston, J., dissents and votes to affirm.